UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:17-cr-00153-JAW |
| | ) | |
| VINCENT GRAHAM | ) | |

**ORDER ON AVAILABILITY OF RESTITUTION**

This order addresses a request for mandatory restitution from a victim of sex trafficking under 18 U.S.C. § 1593, after the expiration of the ninety-day period after the imposition of the sentence under 18 U.S.C. § 3664. The Court concludes that it retains the authority to order restitution even though more than ninety days have passed since the imposition of the sentence.

**I.  BACKGROUND**

On August 7, 2019, just before the sentencing hearing, the Government filed a motion for restitution on behalf of J.R., the named victim in Counts One and Three of the Indictment in this case. *Gov't's Mot. for Rest.* (ECF No. 88). In the motion, the Government requested a restitution figure of $9,450 for J.R. or suggested that the Court could defer a restitution order for ninety days pursuant to 18 U.S.C. § 3664. *Id.* at 4-5. At the August 7, 2019, sentencing hearing itself, however, the Court deferred ordering restitution for the victim pursuant to 18 U.S.C. § 3664(d)(5) at the request of the Government and without objection from the Defendants. *Tr. of Proceedings* at 63:18-64:16 (ECF No. 105). The Assistant United States Attorney (AUSA) explained that she had only recently learned that the victim was seeking

restitution and therefore needed additional time to resolve the restitution issue. *Id.* at 63:22-64:11. Following the hearing, on October 7, 2019, Mr. Graham conceded that the "claimed amount is not unreasonable." *Def.'s Opp'n to Gov't's Mot. for Restitution* at 1 (ECF No. 102) (*Def.'s Opp'n*). At the same time, Mr. Graham objected to a restitution order to the extent the Court ordered anything above a minimal payment because he could not pay restitution. *Id.* at 2-3.

On October 22, 2019, the Court set a conference of counsel for November 21, 2019 to discuss the status of the restitution motion. *Notice of Hr'g on Mot. Re: Mot. Rest. as to Vincent Graham* (ECF No. 104). On November 19, 2019, Mr. Graham's counsel moved to continue the conference of counsel because he needed more time to speak with his client. *Unopposed Mot. to Continue Conf. of Counsel Regarding Forfeiture* (ECF No. 106). In its order granting the motion to continue, the Court pointed to the ninety-day provision of 18 U.S.C. § 3664 and asked counsel to address it. *Order* (ECF No. 107).

On November 26, 2019, the Government filed its position memorandum, arguing that the United States Supreme Court in *United States v. Dolan*, 560 U.S. 605 (2010), held that "the fact that a sentencing court misses the statute's 90-day deadline, even through its own fault or that of the Government, does not deprive the court of the power to order restitution." *Notice of Gov't's Position Regarding 90-Day Requirement for Imposition of Order of Rest.* at 2 (quoting *Dolan*, 560 U.S. at 611) (ECF No. 108). On November 26, 2019, Mr. Graham conceded that he "does not dispute that the Court has the authority to order restitution, even beyond the 90 day

2

period . . ..." *Notice Regarding the Imposition of Restitution Beyond the 90 Day Deadline* at 1 (ECF No. 109). Yet, Mr. Graham urged the Court not to order restitution, contending that the Government violated the statute by failing to provide restitution information "seasonably in advance of sentencing." *Id.* at 2.

On November 27, 2019, the Government moved for oral argument or an evidentiary hearing on the restitution issue. *Gov't Mot. for Expedited Hr'g to Determine Mandatory Rest.* (ECF No. 110). The Government stated that it requested additional time at the sentencing hearing "in order to give the Defendant an opportunity to digest and respond to the formal motion." *Id.* at 1. The Government asked for an expedited hearing "[i]n light of the Defendant's unexpected change in position on this significant issue . . .." *Id.* at 3. On December 2, 2019, Mr. Graham responded, stating that he thought the Court had enough information to rule on the motion, that he did not believe additional material would be helpful, that an oral argument was unnecessary, and affirming that Mr. Graham did not wish to be present at any further hearing on restitution. *Def.'s Resp. to Gov't's Mot. for Oral Arg.* (ECF No. 111). On December 2, 2019, the Office of the Clerk of Court for the United States District Court contacted the AUSA who confirmed she would not file a reply.

## II. DISCUSSION

There is room in this case to debate who, if anyone, has been at fault for the delay in the Court's imposition of a restitution figure. The Presentence Investigation Report as revised on April 26, 2019 indicated that although restitution was mandatory, no restitution requests had been received. *Presentence Investigation*

3

*Report* ¶ 102. The Probation Office was unaware of any "identifiable victim." *Id.* Neither the Government nor Mr. Graham raised restitution in their sentencing memoranda. *Gov't's Sentencing Mem.* (ECF No. 80); *Def.'s Sentencing Mem.* (ECF No. 84). The day of the sentencing hearing the Government presented a written restitution motion, but the AUSA stated in response to the Court's inquiry:

> THE COURT: There was some discussion of restitution - -
>
> Ms. MCELWEE: Yes, Judge.
>
> THE COURT: - - and - -
>
> MS. MCELWEE: We didn't - - we didn't learn until very recently that [restitution] was being requested, and - - although it is mandatory and she doesn't have to request it, but I wasn't going to submit for it if she didn't want me to. And so we wanted to file it just so that the defendant was - - understood that we were requesting it, but we're not asking you to make that determination today. We recognize that you may need more information. I filed it so that you would have the law, but we have 90 days - -
>
> THE COURT: Right.
>
> MS. MCELWEE: - - to decide that and for you to decide that, and we can do an amended judgment. That would be what we would request because the defense hasn't had an opportunity to even think about it.
>
> THE COURT: Do you agree with proceeding in that fashion?
>
> MR. RODWAY: I do, Your Honor.
>
> THE COURT: Okay, thank you. So I will defer the issue of restitution.

*Tr.* at 63:18-64:16.

During its imposition of the conditions of supervised release, the Court ordered Mr. Graham to "make restitution in an amount to be determined by the Court." *Tr.* at 97:18-19. The Court further ordered the Defendant to pay restitution after he paid

4

the assessment. *Id.* at 100:5-7. Mr. Graham did not object to the terms of supervised release. *Id.* at 100:18-23. The amended judgment reflects that restitution would be determined later and that its determination was "deferred to a later date pursuant to 18 U.S.C. [§] 3664[d](5)." *Am. J.* at 7 (ECF No. 96).

After the sentencing hearing, Mr. Graham responded that even though the Court had the authority to order restitution and the claimed amount was not unreasonable, the Court should order restitution in a nominal amount because he is impecunious, owes child support, and will be serving an extended term of incarceration. *Def.'s Opp'n* at 1-3. On October 22, 2019, the Court set a conference of counsel for November 21, 2019 to discuss how counsel wished to proceed, but Mr. Rodway moved to continue it due to communication issues with his client. He also urged the Court not to order restitution because in his view the Government violated the timing of the restitution statute, provoking the Government to demand an expedited hearing.

With this background, there is an argument that the Government delayed the resolution of restitution because it failed to raise and resolve the issue before sentencing, presenting Mr. Graham with a written motion the day of the sentencing, or because it failed to act expeditiously to resolve the issue after sentencing. With this said, the Court is aware that, based on the nature of the crime and their relationship with a defendant, victims of sex trafficking often find it difficult to trust others, including the government, and requests for restitution present issues of

potential retribution which may make it difficult for the government to obtain the necessary information.

It could also be argued that Mr. Graham delayed resolution by failing to arrive at a consistent position regarding the imposition of restitution, arguing variously that only a nominal figure should be ordered, that no amount should be ordered, and that he needed more time to arrive at a formal position.

Finally, it could be argued that the Court is at fault because there was a delay between the sentencing and Mr. Graham's opposition and a further delay from the setting of the conference of counsel and its scheduled date.[1]

It does not matter. The *Dolan* Court clearly stated that a delay beyond the ninety-day period, "even through [a Court's] own fault or that of the Government," does not deprive the Court of the power to order restitution. *Dolan*, 560 U.S. at 611. As the Supreme Court made clear, "the Act's efforts to secure speedy determination of restitution is *primarily* designed to help victims of crimes secure prompt restitution rather than to provide defendants with certainty as to the amount of their liability." *United States v. Stile*, No. 1:11-cr-00185-JAW, 2019 U.S. Dist. LEXIS 20559, at *18 (D. Me. Feb. 8, 2019) (quoting *Dolan*, 560 U.S. at 613) (emphasis in original). This last point is especially germane here, because Congress has expressly made

---

[1] The delay between October 7, 2019, when Mr. Graham filed his opposition, and October 22, 2019, when the Court set the conference of counsel was due to the Government's right to file a reply, which was due on October 21, 2019. The Government elected not to file a reply and the Clerk's Office scheduled the conference the next day.
  The delay between October 22, 2019 and November 21, 2019 appears to have been a function of the Court's calendar, which included two jury trials, one in Bangor, Maine, and one in San Juan, Puerto Rico, as well as numerous other matters. It may also have been caused by the need to mesh the calendars of the AUSA, defense counsel and the Court.

6

restitution mandatory to the victims of sex trafficking. 18 U.S.C. § 1593. Furthermore, although there is no direct evidence of the victim's motivation in this case, it is not uncommon for victims of sex trafficking to be reluctant to come forward with a demand for restitution until after a defendant has been sentenced and the victims know that they will not suffer any direct retaliation during his incarceration.[2]

Finally, the Court "made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." *United States v. Pelletier*, No. 1:06-cr-00058-JAW-01, 2017 U.S. Dist. LEXIS 184036, at *25-26 (D. Me. Nov. 7, 2017) (quoting *Dolan*, 506 U.S. at 608). Here, the Court made clear at the time of Mr. Graham's sentencing that it intended to order restitution. The only issues remaining were the amount of restitution and whether the other victim would ask for restitution. At sentencing, the Court assumed the parties would reach an agreement on restitution and, if not, that the matter would proceed with some sort of a hearing. Although the Court did not anticipate at the sentencing hearing that it would take more than ninety days for the issues to be resolved, *Dolan* makes clear the Court's power to consider restitution requests beyond the ninety-day period, and exercising that power seems particularly appropriate in this circumstance where the victim seeking restitution is the victim of the Defendant's sex trafficking and restitution is mandatory.

---

[2] The AUSA stated at the beginning of the sentencing hearing that although one of the victims, J.R., was present at the sentencing hearing, the Government had made its best efforts to advise a second victim, J.S., of the sentencing hearing and it had been unsuccessful in reaching her. *Tr.* 2:17-24. The Court does not know whether the Government found J.S. and whether it is going to press a restitution award in her favor.

7

### III.     CONCLUSION

Consistent with *United States v. Dolan*, the Court concludes that it retains the authority to order restitution to the victim of the sex trafficking offense for which the Defendant has been sentenced, despite the expiration of the ninety-day period in 18 U.S.C. § 3663.  With this clarification, the Court will schedule a conference of counsel to discuss what is to happen next, keeping in abeyance for the moment whether to order oral argument or hold a hearing.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of December, 2019