UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 2:17-cr-00153-JAW |
| | ) | |
| VINCENT GRAHAM | ) | |

**SECOND ORDER ON AVAILABILITY OF RESTITUTION**

This order addresses a request for mandatory restitution from a victim of sex trafficking under 18 U.S.C. § 1593, despite counsel for the Government's alleged failure to provide the probation officer with a listing of the amounts subject to restitution at least sixty days prior to sentencing pursuant to § 3664(d)(1). The Defendant argues that because of this failure, the Government has not complied with the requirements of § 3664(d)(1), and therefore the Court should not order him to pay restitution. Because the Court finds that the time limitations of § 3664(d)(1) do not present a jurisdictional bar to the imposition of restitution and the Court retains authority to do so, the Court denies the Defendant's request.

**I.   BACKGROUND**

The procedural history of this issue through December 2, 2019, is described in the Court's Order on Availability of Restitution, *Order on Availability of Restitution* (ECF No. 112), and the Court assumes familiarity with that order. On December 19, 2019, the Court held a conference of counsel to discuss restitution. *Min. Entry* (ECF No. 114).

At the conference, counsel for Mr. Graham agreed that the restitution figure of $9,450 for J.R. suggested by the Government in its motion for restitution, *Gov't's Mot. for Restitution* (ECF No. 88), was fair and reasonable and reiterated his agreement that the Court may impose restitution despite the lapse of more than ninety days since the date of sentencing. Counsel also indicated that though he was not authorized to consent to a restitution award, his client did not want to return to the District of Maine or have a hearing on restitution. Additionally, the Assistant United States Attorney (AUSA) representing the Government confirmed that another possible victim, J.S., is not seeking restitution. The only remaining issue, therefore, is an issue of statutory interpretation relating to the Government's obligations to provide the probation office with information related to restitution.[1]

In his memorandum, Mr. Graham argued that a requirement of 18 U.S.C. § 3664 is that "upon request of the probation officer, but no later than 60 days prior to the date initially set for sentencing, the attorney for the government after consulting, to the extent practicable, with all identified victims, shall promptly provide the probation officer with a listing of the amounts subject to restitution." *Id.* (citing 18 U.S.C. § 3664(d)(1)). In this case, Mr. Graham argues, "as of the time of the disclosure of the Revised Pre-Sentence Report, April 26, 2019, no restitution information had been given to the probation officer," and that such information was not presented to the probation office or Mr. Graham until the date of sentencing. *Id.* at 1-2.

---

[1] Mr. Graham raised this issue in his brief memorandum filed on November 26, 2019. *Notice Regarding the Imposition of Restitution Beyond the 90 Day Deadline* at 1 (ECF No. 109) (*Def.'s Notice*).

2

Counsel for Mr. Graham pressed this argument at the December 19, 2019, conference of counsel, stating that the Government did not follow the requirements of § 3664(d)(1) because it failed to check with the victim and give the probation office information related to restitution. The AUSA replied that the Government had complied, contacting the victim multiple times, and that she had stated that she did not seek restitution. It was not until she was considering whether to attend Mr. Graham's sentencing hearing that she decided she did wish to seek restitution, and her counsel notified the AUSA of that change the day prior to sentencing. Counsel for Mr. Graham stated that if this was the Government's representation to the Court, he believed the record was complete and the issue was ready for decision by the Court.

## II. DISCUSSION

The Court rejects Mr. Graham's assertion that the Court may not impose restitution under 18 U.S.C. § 3664 in the circumstances of this case. Section 3664(d)(1) states:

> Upon the request of the probation officer, but not later than 60 days prior to the date initially set for sentencing, the attorney for the Government, after consulting, to the extent practicable, with all identified victims, shall promptly provide the probation officer with a listing of the amounts subject to restitution.

Based on the Government's representation, which Mr. Graham has not suggested the Court should disbelieve, the Government contacted Mr. Graham's victims multiple times in the lead-up to sentencing hearing and they consistently told the AUSA that they did not wish to pursue restitution. It is not clear what more the Government could have done to provide the probation office with restitution amounts that did not

3

yet exist and had not been claimed, and the Government promptly informed the Court and Mr. Graham once it became aware that restitution was sought.

In evaluating a related provision, § 3664(d)(5), the Supreme Court has acknowledged that "the statute here uses the word 'shall,' . . . but a statute's use of that word alone has not always led this Court to interpret statutes to bar judges (or other officials) from taking the action to which a missed statutory deadline refers." *Dolan v. United States*, 560 U.S. 605, 611-12 (2010). Additionally, the *Dolan* Court noted that "the statute's text places primary weight upon, and emphasizes the importance of, imposing restitution upon those convicted of certain federal crimes," and "the statute seeks primarily to ensure that victims of a crime receive full restitution." *Id.* at 612; *see also United States v. Cheal*, 389 F.3d 35, 49 (1st Cir. 2004) (stating that the "intended beneficiaries [of § 3664] are the victims, not the victimizers" (quoting *United States v. Grimes*, 173 F.3d 634, 639 (7th Cir. 1999))). The purpose of the statute is to provide restitution to victims, and indeed the statute specifically provides for the later discovery of additional losses by a victim. *See* 18 U.S.C. § 3664(d)(5).

Thus, § 3664(d) provides a procedure under which a victim's restitution requests are processed: (1) with a request by the Probation Office to the Government's attorney for a listing of amounts due identified victims, (2) notice to the identified victims of their right to restitution and information about the proceeding, including the date and time of the sentencing hearing, (3) a means to determine the financial resources of the defendant, (4) a sentencing court's right to require additional

4

information and maintain the privacy of such records, (5) a procedure to resolve restitution claims not ready for resolution at the sentencing hearing, and (6) a sentencing court's ability to refer restitution issues to a magistrate judge. 18 U.S.C. § 3664(d)(1)-(6). The next subsection sets forth standards by which disputes about restitution claims may be resolved. 18 U.S.C. § 3664(e).

The reasoning in *Dolan* is instructive in considering whether the time limit in § 3664(d)(1) creates a jurisdictional bar to the imposition of restitution, despite the fact that a similar time limitation in § 3664(d)(5) does not. The Supreme Court emphasized that the intent of the statute is to provide victims with restitution. *Dolan*, 560 U.S. at 612; *United States v. Stile*, No. 1:11-cr-00185-JAW, 2018 U.S. Dist. LEXIS 205923, at *16-17, 2018 WL 6424690, at *6 (D. Me. Dec. 6, 2018) ("Section (d) is a provision to protect the interests of the victim"). Additionally, "where, as here, a statute 'does not specify a consequence for noncompliance with' its 'timing provisions,' 'federal courts will not in the ordinary course impose their own coercive sanction.'" *Id.* at 611 (quoting *United States v. James Daniel Good Real Property*, 510 U.S. 43, 63 (1993)). The Court sees no difference between subsections (1) and (5) that would justify a different rule for the time limit in subsection (1), particularly in light of the statutory purpose raised by *Dolan*.

The Supreme Court clarified in *Dolan* that the time limitation in § 3664(d)(1) is not jurisdictional. While it is unfortunate that restitution cannot always be handled neatly and quickly, it would be more unfortunate still if a victim's understandable hesitancy to enter a possibly long-term financial relationship

5

(however remote and intermediated) with her victimizer deprived her of the opportunity to—within a reasonable period—change her mind and request restitution for some of the damage caused by a defendant's criminal act.

## III. CONCLUSION

Consistent with *United States v. Dolan*, the Court concludes that it retains the authority to order restitution to the victim of the sex trafficking offense for which the Defendant has been sentenced, despite the Government's failure to comply with the time limitations in 18 U.S.C. § 3664(d)(1). The Court ORDERS Vincent Graham to pay J.R. restitution in the amount of nine thousand, four hundred and fifty dollars ($9,450).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 20th day of December, 2019